UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                             :
CONCIERGE AUCTIONS, LLC,                                     :
                                                             :
                              Petitioner,                    :
                                                             :      24-CV-281 (VSB)
            - against -                                      :
                                                             :      **AMENDED OPINION & ORDER**[1]
                                                             :
NEWTON HOWARD,                                               :
                                                             :
                              Respondent.                    :
                                                             :
------------------------------------------------------------X

Appearances:

Daniel Adam Hoffman
Robert S. Wolf
Moses & Singer LLP
New York, NY
*Counsel for Petitioner*

VERNON S. BRODERICK, United States District Judge:

      Before me is the petition of Concierge Auctions, LLC ("Petitioner" or the "Concierge") to confirm an arbitration award granted by the American Arbitration Association (the "AAA") against Respondent Newton Howard ("Respondent" or "Howard") pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED, and the arbitration award is CONFIRMED.

---

[1] On October 15, 2024, I filed an Opinion & Order in this case granting Petitioner's motion to confirm an arbitration award. (Doc. 22.) As set forth in the Conclusion, I enter this Amended Opinion & Order to amend the calculation of pre- and post-judgment interest.

I. **Factual Background and Procedural History**[2]

Petitioner Concierge is a global real estate auction marketing firm which markets, manages, and conducts auctions of high-end luxury residential properties worldwide. (Pet. ¶ 8.) Respondent Howard owns the property located at 440 Rochambeau Avenue, Providence, Rhode Island (the "Property"). (*Id*. ¶ 9.) On February 2, 2022, the parties entered into an agreement pursuant to which Concierge would market and sell the Property through an auction. (*Id*. ¶ 10; *see also* Doc. 1-2, "Auction Agreement".) Howard authorized Concierge to proceed with the auction, which took place on March 22, 2022. (Pet. ¶ 11.) Concierge auctioned off the Property to the highest bidder, which was for $4,000,000. (*Id*.) After the auction, Howard refused to close on the sale of the Property. (*Id*. ¶ 12.) Pursuant to the Auction Agreement, if the sale of the Property did close due to the actions of Howard or his agents, Howard agreed that he would be obligated to pay Concierge a fee equal to 12% of the highest bid, in this case $480,000. (*Id*. ¶ 13; *see also* Auction Agreement ¶ 16.)

On May 27, 2022, pursuant to the mandatory arbitration provision set forth in the Auction Agreement, (*see id*.), Concierge filed a Demand for Arbitration against Howard with the AAA. (*Id*. ¶ 17; *see also* Doc. 1-3.) On or about May 24, 2023, Concierge filed a dispositive motion in the arbitration in which it sought an award of $480,000, plus interest, an award of reasonable attorneys' fees, costs and disbursements, and dismissal of the Counterclaims that had been submitted by Howard. (*Id*. ¶ 19.) On June 23, 2023, the appointed arbitrator Eli R. Mattioli (the "Arbitrator") issued a Partial Final Award. (*Id*. ¶ 20; *see also* Doc. 1-4.) On August 16, 2023, after Concierge submitted proof of the attorneys' fees, costs and disbursements that it incurred in

---

[2] The following facts are drawn from the Petition to Confirm Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioner, including the August 16, 2023 award of the Arbitrator Eli R. Mattioli (the "Final Award"), (*see* Doc. 1-1).

2

connection with the arbitration, the Arbitrator issued the Final Award.  (*Id*. ¶¶ 21, 22; *see also* Doc. 1-1, "Final Award".)  The Final Award confirmed the Partial Final Award and awarded Concierge $480,000 for the realty auction fee, as well as interest on that amount at the rate of 9% from March 29, 2022, until the date of payment of that fee.  (Final Award at 2.)  In addition, the Final Award provided Concierge with $66,400.77 in attorneys' fees, costs and disbursements in accordance with paragraph 16 of the Auction Agreement.  (*See id.*)

On January 12, 2024, Concierge filed the instant Petition to Confirm the Arbitration Award, (Doc. 1), an accompanying memorandum of law, (Doc. 2), and a declaration in support of the Petition, (Doc. 3).  On April 11, 2024, counsel for Howard filed an executed waiver of service of summons.  (Doc. 7.)  However, Howard has not appeared, opposed, or otherwise responded to the Petition.  Howard's response was due on May 28, 2024.[3]

## II. **Applicable Law**

The FAA provides a "streamlined" process for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."  *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).  In reviewing an arbitration award, a federal district court "can confirm and/or vacate the award, either in whole or in part."  *D.H. Blair*, 462 F.3d at 104.  Specifically, under section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11."  *Hall St. Assocs.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9).  Under section 10 of the FAA, a district

---

[3] In light of Howard's failure to respond to the Petition, Concierge moved for default judgment. (Docs. 16–19.)  On October 9, 2024, I held a show cause hearing, at which Howard did not appear.  During that hearing, I explained to Concierge that under Second Circuit law, "default judgments in confirmation/vacatur proceedings are generally inappropriate," and that I would therefore treat Concierge's Petition "as an unopposed motion for summary judgment."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109, 110 (2d Cir. 2006).  In addition, counsel for Concierge withdrew his request for attorneys' fees and costs that Concierge has and will incur in connection with seeking the confirmation of the Final Award.

court may vacate an arbitration award on four grounds, including "where there was evident partiality or corruption in the arbitrators, or either of them" or "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(2), (3). "Consistent with federal policy favoring arbitration, these vacatur provisions are to be accorded the narrowest of readings." *Beljakovic v. Melohn Properties, Inc.*, No. 04-CV-3694, 2012 WL 5429438, at *2 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 542 F. App'x 72 (2d Cir. 2013) (internal quotation marks omitted). The Second Circuit has found "as judicial gloss on these specific grounds for vacatur of arbitration awards," that a "court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks omitted) (collecting cases).

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109. Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id.* at 110. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). In other words, "the showing required to avoid

confirmation is very high." *D.H. Blair*, 462 F.3d at 110.

### III. Application

Having reviewed Petition and the Final Award, I find that no genuine issues of material fact exist in this case. In addition, there is no indication that the Final Award was procured through corruption, fraud, or undue means, contained any miscalculations, or that the Arbitrator was partial, corrupt, engaged in misconduct, or acted outside the scope of his authority. *See* 9 U.S.C. §§ 10, 11. Indeed, according to Petitioner's counsel, Howard was represented by counsel during at least part of the arbitration, and was aware of these proceedings through his counsel in a related matter but elected not to participate. (*See* Docs. 7, 17-6.) The record demonstrates that the Arbitrator based his award on undisputed evidence presented by Concierge. Accordingly, Concierge's motion is granted, and the Final Award is hereby confirmed. *See, e.g.*, *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund et al. v. IBEX Constr., LLC*, No. 18-CV-2797, 2019 WL 2281276, at *3 (S.D.N.Y. May 29, 2019) (confirming arbitration award where respondent did not oppose petition and record supported arbitrator's findings); *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund et al. v. Decent Gen. Constr. Corp.*, No. 18-CV-4878, 2019 WL 1434300, at *3 (S.D.N.Y. Mar. 31, 2019) (same); *Trs. for the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 13-CV-1925, 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2017) (same).

### IV. Conclusion

For the foregoing reasons, Petitioner's motion is GRANTED. The Award is CONFIRMED, and the Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent in the amount of $480,000, plus pre-judgment interest on that amount at the

rate of 9% per annum from March 29, 2022 through the date of the judgment pursuant to the Award, post-judgment interest in accordance with 28 U.S.C. § 1961(a), and $66,400.77 in attorneys' fees, costs and disbursements.

The Clerk of the Court is respectfully directed to terminate the pending motions and to close the case.

SO ORDERED.

Dated: October 18, 2024
       New York, New York

_____
Vernon S. Broderick
United States District Judge